381 So.2d 1370 (1980)
In re EMERGENCY AMENDMENTS TO RULES OF APPELLATE PROCEDURE.
No. 50409-C.
Supreme Court of Florida.
March 27, 1980.
Bill Wagner, Chairman of the Court Rules Steering Committee, Tampa, for petitioner.
PER CURIAM.
The petition of the Court Rules Steering Committee is granted and the appended *1371 emergency amendments to the Florida Rules of Appellate Procedure are hereby adopted temporarily to govern all proceedings within their scope after 12:01 a.m. April 1, 1980. Cases which are pending in this Court prior to April 1, 1980, shall continue to be governed by the Florida Rules of Appellate Procedure in effect prior to April 1, 1980.
On March 11, 1980, the voters of Florida adopted the 1980 Amendment to Article V of the Florida Constitution which modified the jurisdiction of the Florida Supreme Court, effective April 1, 1980. Anticipating approval of the constitutional amendment the Court requested the Appellate Court Rules Committee to prepare necessary amendments to the appellate rules. A subcommittee of the Appellate Court Rules Committee was appointed and that subcommittee prepared the proposed amendments submitted March 18, 1980, with the Petition of the Court Rules Steering Committee. These proposals were submitted to and approved by the Board of Governors of The Florida Bar. With minor modifications by the Court, these amendments are now adopted temporarily.
Recognizing the short time span between the adoption of the constitutional amendment and its effective date, interested parties are hereby allowed to file any appropriate suggestions or objections on or before April 30, 1980, directed to specific rules stating why the rule is inappropriate or objectionable. A copy of all objections or suggestions shall be served on The Florida Bar in Tallahassee.
The Appellate Court Rules Committee is directed to review all appellate rules in light of the recent constitutional amendment, including the format for abbreviated applications for discretionary review, and the emergency rules adopted by this opinion and to submit any additional proposed amendments by July 1, 1980.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.

Rule 9.030. Jurisdiction of Courts

(a) Jurisdiction of Supreme Court.
(1) Appeal Jurisdiction.
(A) The Supreme Court shall review, by appeal:
(i) final orders of courts imposing sentences of death;1
(ii) final orders of trial courts and decisions of district courts of appeal intially and directly passing on the validity of declaring invalid a state statute or a federal statute or treaty, or construing provision of the state or federal constitution.2
(B) When provided by general law, the Supreme Court shall review:
(i) final orders of courts imposing sentences of life imprisonment,
(i) by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness.3
(ii) action of statewide agencies relating to rates or service of utilities providing electric, gas or telephone service.4
(2) Certiorari Discretionary Jurisdiction. The certiorari discretionary jurisdiction of the Supreme Court may be sought to review:
(A) decisions of district courts of appeal that:5
(i) expressly declare valid a state statute;
(ii) expressly construe a provision of the state or federal constitution;
(i) (iii) expressly affect a class of constitutional or state officers;
(iii) (iv) are in direct conflict expressly and directly conflict with a decision of any another district court of appeal or of the Supreme Court on the same point of law;
(ii) (v) pass upon a question certified to be of great public interest importance;
(vi) are certified to be in direct conflict with decisions of other district courts of appeal;

*1372 (B) any interlocutory order passing upon a matter which, upon final judgment, would be directly reviewable by the Supreme Court;
(C) administrative action, including final orders of commissions established by general law having statewide jurisdiction.
(B) orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the Supreme Court, and:6
(i) to be of great public importance, or
(ii) to have a great effect on the proper administration of justice;
(C) questions of law certified by the Supreme Court of the United States or a United States Court of Appeals that are determinative of the cause of action and for which there is no controlling precedent of the Supreme Court of Florida.7
(3) Original Jurisdiction. The Supreme Court may issue writs of prohibition to lower courts tribunals in causes within the jurisdiction of the Court to review, writs of mandamus and quo warranto to state officers and state agencies, and all writs necessary to the complete exercise of the Court's jurisdiction. The Supreme Court or any justice may issue writs of habeas corpus returnable before the Supreme Court or any justice, a district court of appeal or any judge thereof, or any circuit judge.8

(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal:
(A) final orders1 or2 not directly reviewable by the Supreme Court or a circuit court;
(B) non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3);9
(C) administrative action when provided by general law.2
(2) Certiorari Jurisdiction.8 The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
(3) Original Jurisdiction.8 District court of appeal may issue writs of mandamus, prohibition, quo warranto, common law certiorari and all writs necessary to the complete exercise of the courts' jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.

(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal:
(A) final orders of lower tribunals as provided by general law;1 or2
(B) non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3);9
(C) administrative action when provided by law.2
(2) Certiorari Jurisdiction.8 The certiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by Rule 9.130.
(3) Original Jurisdiction.8 Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, habeas corpus and all writs necessary to the complete exercise of the courts' jurisdiction.
1 9.140: Appeal Proceedings in Criminal Cases
2 9.110: Appeal Proceedings: Final Orders
3 9.110(i): Validation of Bonds
4 9.110: Appeal Proceedings: Final Orders; 9.130: Appeal Proceedings; Non-Final Orders
5 9.120: Discretionary Review of District Court Decisions
6 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court
7 9.150: Certified Questions from Federal Courts
8 9.100: Original Proceedings
9 9.130: Appeal Proceedings: Non-Final Orders

*1373 Committee Notes
1977 Revision. This rule replaces former Rule 2.1(a)(5) and 2.2(a)(4). It sets forth the jurisdiction of the Supreme Court, district courts of appeal, and that portion of the jurisdiction of the circuit courts to which these rules apply. It paraphrases Sections 3(b), 4(b) and, in relevant part, (5)(b) of Article V of the Florida Constitution. The items stating the certiorari jurisdiction of the Supreme Court and district courts of appeal refer to the constitutional jurisdiction popularly known as the "constitutional certiorari" jurisdiction of the Supreme Court and "common law certiorari" jurisdiction of the district courts of appeal. This rule is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court's jurisdiction. Its purpose is to provide a tool of reference to the practitioner so that ready reference may be made to the specific procedural rule or rules governing a particular proceeding. Footnote references have been made to the rule or rules governing proceedings invoking the listed areas of jurisdiction.
This rule does not set forth the basis for the issuance of advisory opinions by the Supreme Court to the Governor since the power to advise rests with the justices under Article IV, Section 1(c) of the Florida Constitution, and not the Supreme Court as a body. The procedure governing requests from the Governor for advice are set forth in Rule 9.500.
The Advisory Committee considered and rejected as unwise a proposal to permit the chief judge of each judicial circuit to modify the applicability of these rules to his circuit. These rules may be modified in a particular case, of course, by an agreed joint motion of the parties granted by the court so long as the change does not affect jurisdiction.
1980 Amendment. Section (a) of this rule has been extensively revised to reflect the constitutional modifications in the Supreme Court's jurisdiction as approved by the electorate on March 11, 1980. See Article V, Section 3(b), Florida Constitution (1980). The impetus for these modifications was a burgeoning caseload and the attendant need to make more efficient use of limited appellate resources. Consistent with this purpose, revised Section (a) limits the Supreme Court's appellate, discretionary, and original jurisdiction to cases that substantially affect the law of the state. The district courts of appeal will constitute the courts of last resort for the vast majority of litigants under amended Article V.
Subsection (a)(1)(A)(i) retains the mandatory appellate jurisdiction of the Supreme Court to review final orders of trial courts imposing death sentences.
Subsection (a)(1)(A)(ii) has been substantively changed in accordance with amended Article V, Section 3(b)(1), Florida Constitution (1980), to eliminate the court's mandatory appellate review of final orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution. Mandatory Supreme Court review under this subsection is now limited to district court decisions "declaring invalid" a state statute or a provision of the state constitution. Jurisdiction to review final orders of trial courts in all instances enumerated in former subsection (a)(1)(A)(ii) now reposes in the appropriate district court of appeal.
Revised subsection (a)(1)(B) enumerates the two classes of cases that the Supreme Court may review when provided by general law. See Article V, Section 3(b)(2), Florida Constitution (1980). Eliminated from the amended Article V and rule is the legislative authority, never exercised, to require Supreme Court review of trial court orders imposing sentences of life imprisonment.
Subsection (a)(1)(B)(i), pertaining to bond validation proceedings, replaces former subsection (a)(1)(B)(ii). Its phraseology remains unchanged. Enabling legislation already exists for Supreme Court review of *1374 bond validation proceedings. See Section 75.08, Florida Statutes (1979).
Subsection (a)(1)(B)(ii) is new. See Article V, Section 3(b)(2), Florida Constitution (1980). Under the earlier constitutional scheme, the Supreme Court was vested with certiorari jurisdiction (which in practice was always exercised) to review orders of "commissions established by general law having statewide jurisdiction", including orders of the Florida Public Service Commission. See Article V, Section (3)(b)(3), Florida Constitution (1968) and Section 350.641, Florida Statutes (1979). This jurisdiction has been abolished. In its stead, amended Article V limits the Supreme Court's review of Public Service Commission orders to those "relating to rates or services of utilities providing electric, gas, or telephone service." Enabling legislation will be required to effectuate this jurisdiction. Review of Public Service Commission orders other than those relating to electric, gas, or utility cases now reposes in the appropriate district court of appeal. See Article V, Section 4(b)(2), Florida Constitution (1968); Florida Rule of Appellate Procedure 9.030(b)(1)(C); and Section 120.68(2), Florida Statutes (1979).
Subsection (a)(2) has been substantially revised in accordance with amended Article V, Section 3(b)(3), Florida Constitution (1980) to restrict the scope of review under the Supreme Court's discretionary jurisdiction. Under the earlier constitution, this jurisdiction was exercised by writ of certiorari. Constitutional certiorari is abolished under amended Article V. Reflecting this change, revised subsection (a)(2) of this rule substitutes the phrase "discretionary jurisdiction" for "certiorari jurisdiction" in the predecessor rule. This discretionary jurisdiction is restricted, moreover, to six designated categories of district court decisions, discussed below. Amended Article V eliminates the Supreme Court's discretionary power to review "any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the Supreme Court" as reflected in Subsection (a)(2)(B) of the predecessor rule. It also eliminates the Supreme Court's certiorari review of "commissions established by general law having statewide jurisdiction" as reflected in Subsection (a)(2)(C) of the predecessor rule.
Section (a)(2)(A) specifies the six categories of district court decisions reviewable by the Supreme Court under its discretionary jurisdiction.
Subsections (a)(2)(A)(i) and (ii) are new and pertain to matters formerly reviewable under the court's mandatory appellate jurisdiction. Under former Rule 9.030 (a)(1)(A)(ii), the Supreme Court's mandatory appellate jurisdiction could be invoked if a lower tribunal "inherently" declared a statute valid. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla. 1959). The 1980 amendments to Article V and this subsection require a district court to "expressly declare" a state statute valid before the Supreme Court's discretionary jurisdiction may be invoked.
Subsection (a)(2)(A)(iii), pertaining to Supreme Court review of district court decisions affecting a class of constitutional or state officers, has been renumbered. It tracks the language of the predecessor constitution and rule, with the addition of the restrictive word "expressly" found in amended Article V.
Subsection (a)(2)(A)(iv) represents the most radical change in the Supreme Court's discretionary jurisdiction. The predecessor Article V vested the Supreme Court with power to review district court decisions "in direct conflict with a decision of any district court of appeal or of the Supreme Court on the same point of law." These cases comprised the overwhelming bulk of the court's caseload and gave rise to an intricate body of case law interpreting the requirements for discretionary conflict review. With the enunciation of the "record proper rule" in Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), the Supreme Court extended its *1375 discretionary review in instances of discernible conflict to district court decisions affirming without opinion the orders of trial courts. Amended Article V abolishes the Foley doctrine by requiring an "express" as well as a "direct" conflict of district court decisions as a prerequisite to Supreme Court review. The new Article also terminates Supreme Court jurisdiction over purely intradistrict conflicts, the resolution of which is addressed in Rule 9.331.
Subsection (a)(2)(A)(v) substitutes the phrase "great public importance" for "great public interest" in the predecessor constitution and rule. The change was to recognize the fact that some legal issues may have "great public importance," but may not be sufficiently known by the public to have "great public interest."
Subsection (a)(2)(A)(vi) is new and tracks the language of Article V, Section 3(b)(4), Florida Constitution (1980).
Subsections (a)(2)(B) and (C) are new. See Article V, Sections 3(b)(5), (6), Florida Constitution (1980). Certification procedures under these subsections are addressed in Rule 9.125 and Rule 9.150, respectively.
Subsection (a)(3) is identical to the predecessor Article V and rule, except it limits the issuance of writs of prohibition to "courts" rather than "courts and commissions" and writs of mandamus and quo warranto to "state agencies" rather than "agencies".

Rule 9.040. General Provisions
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum. If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks' Duties. Upon filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. When jurisdiction has been invoked pursuant to Rule 9.030(a)(2)(A)(ii) (v); (a)(2)(A)(vi); or when a certificate has been issued by a district court pursuant to Rule 9.030(a)(2)(B) (certificate of great public interest) the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

Committee Notes
1977 Revision. This rule sets forth several miscellaneous matters of general applicability.
Section (a) is derived from the last sentence of former Rule 2.1(a)(5)(a), which concerned direct appeals to the Supreme Court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
*1376 Sections (b) and (c) implement Article V, Section 2(a) of the Florida Constitution. Former Rule 2.1(a)(5)(d) authorized transfer when an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The Advisory Committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a party will not automatically have his case dismissed because he seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), where a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla. 1959), where a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Section (d) is the appellate procedure counterpart of the harmless error statute, Section 59.041, Florida Statutes (1975). It incorporates the concept contained in former Rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, where it would not result in irremediable prejudice.
Section (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. Where less than the entire record as defined in Rule 9.200(a)(1) is to be filed, Rule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under Rule 9.140(d). As explained in the Commentary accompanying those provisions, such a statement does not have the same legal effect as an assignment of error under the former rules.
Section (f) permits payment of filing fees by check or money order and carries forward the substance of former Rule 3.2(a), which allowed payments in cash.
Section (g) is derived from former Rules 3.2(a) and (e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within five days. The Advisory Committee was of the view that no reason existed for any delays. The term "forthwith" should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice where review of a final trial court order in a civil case is sought. When Supreme Court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the Court along with the notice and fees.
Section (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions where there is a failure to timely file fees or copies of the notice or petition.
*1377 The Advisory Committee considered and rejected as too difficult to implement a proposal of the Bar Committee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the Advisory Committee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the Court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The Advisory Committee has recommended that its existence be continued by the Supreme Court.
1980 Amendment. Section (g) was amended to direct the clerk of the district court to transmit copies of the certificate, the order of the trial court, and the suggestion, replies and appendices in all cases certified to the Supreme Court pursuant to Rule 9.030(a)(2)(B).

Rule 9.100. Original Proceedings
(a) Applicability. This rule applies to those proceedings which invoke the jurisdiction of the courts described in Rule 9.030 (a)(2)(B); (a)(3); (b)(2); (b)(3); (c)(2) and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, habeas corpus and all writs necessary to the complete exercise of the courts' jurisdiction; and for review of non-final administrative action.
(b) Commencement. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction.
(c) Exception; Common Law Certiorari. A petition for common law certiorari shall be filed within 30 days of rendition of the order to be reviewed. A copy shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the appropriate district court of appeal as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The district court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Petition. The caption shall contain the name of the court and the name and designation of at least one party on each side. The petition shall contain:
(1) the basis for invoking the jurisdiction of the court;
(2) the facts upon which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support thereof and appropriate citations of authority.
When the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by Rule 9.220.
(f) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law, or that review of final administrative *1378 action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings, such orders shall stay further proceedings in the lower tribunal.
(g) Record. A record shall not be transmitted to the court unless ordered.
(h) Response. Within the time set by the court, the respondent may serve a response, which shall include argument in support thereof and appropriate citations of authority, and may serve a supplemental appendix.
(i) Reply. Within 20 days thereafter or such other time set by the court, the petitioner may serve a reply and supplemental appendix.

Committee Notes
1977 Revision. This rule replaces former Rule 4.5, except that the procedures applicable to Supreme Court review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in Rule 9.120; and Supreme Court direct review of administrative action on writs of certiorari is governed by Rule 9.100. This rule governs proceedings invoking the Supreme Court's jurisdiction to review an interlocutory order passing upon a matter where on final judgment a direct appeal would lie in the Supreme Court. The procedures set forth in this rule implement the Supreme Court's decision in Burnsed v. Seaboard Coastline R.R. Co., 290 So.2d 13 (Fla. 1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution, and that its jurisdiction would be exercised only where on the peculiar circumstances of a particular case the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the Supreme Court treating such appeals as petitions for the writ of certiorari. This rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule provides the procedures necessary to implement the Administrative Procedure Act, Section 120.68(1), Florida Statutes (Supp. 1976), which provides for judicial review of non-final agency action "if review of the final agency decision would not provide an adequate remedy." It was the opinion of the Advisory Committee that such a right of review is guaranteed by the statute and is not dependent on a court rule, since Article V, Section 4(b)(2), of the Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The Advisory Committee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, although the statutory remedy would prevent resort to an extraordinary writ.
Sections (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. Where common law certiorari is sought to review an order issued by a lower tribunal consisting of more than one person, a copy of the petition should be furnished to the chairperson of that tribunal.
Section (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla. 1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency which issued the order.
No provision has been made for an automatic stay of proceedings, but the district *1379 court is directed to consider the appropriateness of a stay immediately upon the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to one or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pending review of the challenged order. See State ex rel. Miami Herald, Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla. 1977).
This new provision implements the "strict procedural safeguards" requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 97 S.Ct. 2205, 432 U.S. 43, 53 L.Ed.2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must either be immediately reviewable or subject to a stay pending review.
Section (e) sets forth the contents of the initial pleading. The party seeking review must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority which the petitioner desires to place before the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under section (g) no record is required to be filed unless the court so orders, but under section (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents which support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under Sections (f), (h) and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve counsel of the responsibility for filing original documents with the court as required by Rule 9.420(b); it merely affects the time measurements.
Except as provided automatically under section (f), a stay pending resolution of the original proceeding may be obtained under Rule 9.310.
Transmittal of the record pursuant to order of the court under section (g) shall be in accordance with the instructions and times set forth in the order.
1980 Amendment. The rule was amended by deleting its reference to former Rule 9.030(a)(2)(B) to reflect the 1980 revisions to Article V, Section 3(b) of the Florida Constitution that eliminated Supreme Court review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary Supreme Court review of district court decisions pursuant to Rule 9.030(a)(2)(A) are governed by Rule 9.120. The procedures applicable to Supreme *1380 Court discretionary review of trial court orders and judgments certified by the district courts pursuant to Rule 9.030(a)(2)(B) are set forth in Rule 9.125.

Rule 9.110. Appeal Proceedings to Review Final Orders of Lower 
Tribunals and Orders Granting New Trial in Jury and Non-Jury 
Cases
(a) Applicability. This rule applies to those proceedings which:
(1) invoke the appeal jurisdiction of the courts described in Rule 9.030(a)(1) (A); (a)(1)(B)(i); (b)(1)(A) and (c)(1)(A);
(2) seek review of administrative action described in Rule 9.030(a)(2)(C) (1)(B)(ii); (b)(1)(C) and (c)(1)(C); and
(3) seek review of orders granting new trial in jury and non-jury civil and criminal cases described in Rules 9.130 and 9.140(c)(1)(C).
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In appeal of administrative action, the appellant shall pay the fee and file the second copy of the notice with the court.
(d) Notice. The notice shall be substantially in the form prescribed by Rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition and the nature of the order to be reviewed.
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.
(f) Briefs. Appellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(g) Cross Appeal. An appellee may cross appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in section (b) of this rule, whichever is later. No filing fee shall be required for a cross appeal.
(h) Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
(i) Exception; Bond Validation Proceedings. Where the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the Supreme Court. Appellant's initial brief, accompanied by an appendix as prescribed by Rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(j) Exception; Appeal Proceedings from District Courts of Appeal. Where the appeal is from an order of a district court of appeal, the clerk shall transmit the record to the court within 60 days of filing the notice. Appellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.

Committee Notes
1977 Revision. This rule replaces former Rules 3.1, 3.5, 4.1, 4.3, 4.4 and 4.7. It applies where (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after final order are reviewable under the procedure set forth in Rule 9.130. This rule does not apply to review proceedings in such cases.
Except to the extent of conflict with Rule 9.140 governing appeals in criminal cases, *1381 this rule governs" (1) appeals as of right to the Supreme Court; (2) certiorari proceedings before the Supreme Court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, Section 120.68, Florida Statutes (Supp. 1976); (4) appeals as of right to a circuit court, including review of administrative action when provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974), and are consistent with the decision there. Under section (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The Supreme Court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible... ." Bowen v. Willard, 340 So.2d 110, 112 (Fla. 1976). This rule implements that decision.
Sections (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file two copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that where review of administrative action is sought, one copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30 day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30 day period, subject to sanctions imposed by the court. See Fla.R.App.P. 9.040(h), and Williams v. State, 324 So.2d 74 (Fla. 1975).
Section (d) sets forth the contents of the notice, and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the Supreme Court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in Florida Admin. Comm'n v. Judges of the District Court, 351 So.2d 712, Case. No. 50,232 (Fla. Oct. 14, 1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The Advisory Committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed when Supreme Court review was appropriate and the practice under the Administrative Procedure Act, Section 120.68, Florida Statutes (Supp. 1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in Section 120.68(2), Florida Statutes (Supp. 1976). There is no conflict with the statute since the substance of the review proceeding remains controlled by the statute and the Legislature directed review be pursuant to the procedures set forth in these rules. Since it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So.2d 9 (Fla. 1976), and School Bd. of Lee County v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), *1382 to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct Supreme Court review of administrative action taken pursuant to the certiorari jurisdiction of that Court set forth in Article V, Section 3(b)(3) of the Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See Commentary, Fla.R.App.P. 9.020.
Sections (e), (f) and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs and serving notices of cross appeal. Provision for cross appeal notices has been made to replace the cross assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross appeal" should be read as equivalent to "cross petition". It should be noted that where time is measured by service, Rule 9.420(b) requires filing to be made before service or immediately thereafter.
Section (h) permits a party to file a single notice of appeal where a single proceeding in the lower tribunal, whether criminal or civil, results in more than one final judgment and an appeal of more than one is sought. This rule is intended to further the policies underlying the decisions of the Supreme Court in Scheel v. Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla. 1973), and Hollimon v. State, 232 So.2d 394 (Fla. 1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. When a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla. 1975), the date of filing is intended to be the date the notice becomes effective.
Section (i) provides an expedited procedure in appeals as of right to the Supreme Court in bond validation proceedings. An appendix is mandatory.
Section (j) provides for an expedited procedure in appeals as of right to the Supreme Court from an order of a district court of appeal.
1980 Amendment. The rule has been amended to incorporate changes in Rule 9.030 and to reflect the abolition of Supreme Court jurisdiction to review, when provided by general law, final orders of trial courts imposing sentences of life imprisonment.

Rule 9.120. Certiorari Discretionary Proceedings to Review 
Orders Decisions of District Courts of Appeal
(a) Applicability. This rule applies to those proceedings which invoke the certiorari discretionary jurisdiction of the Supreme Court described in Rule 9.030(a)(2)(A).
(b) Commencement. The jurisdiction of the Supreme Court described in Rule 9.030(a)(2)(A) shall be invoked by filing two copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice shall be substantially in the form prescribed by Rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the court.
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the Supreme Court's jurisdiction and accompanied by an appendix containing a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. A reply *1383 brief may be served within 10 days thereafter. When jurisdiction is invoked pursuant to Rule 9.030(a)(2)(A)(ii)(v) or (a)(2)(A)(vi) (certificate of great public interest (certifications by the district courts to the Supreme Court), no briefs on jurisdiction shall be filed.
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the Supreme Court accepts or postpones decision on jurisdiction, the Court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the Court, the clerk shall transmit the record.
(f) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs, shall be served as prescribed by Rule 9.210.

Committee Notes
1977 Revision. This rule replaces former Rule 4.5(c) and governs all certiorari proceedings to review final decisions of the district courts. Certiorari proceedings to review interlocutory orders of the district courts where Supreme Court jurisdiction existed under Article V, Section 3(b)(3) of the Florida Constitution are governed by Rule 9.100.
Section (b) sets forth the manner in which certiorari proceedings in the Supreme Court are to be commenced. Petitions for the writ are abolished and replaced by a simple notice to be followed by briefs. Two copies of the notice, which must substantially comply with the form approved by the Supreme Court, are to be filed with the clerk of the district court within 30 days of rendition along with the requisite fees. Failure to timely file the fees is not jurisdictional.
Section (c) sets forth the contents of the notice. The requirement that the notice state the date of rendition, as defined in Rule 9.020, is intended to permit the clerk of the court to determine timeliness from the face of the notice. The statement of the basis for jurisdiction should be a concise reference to whether the order sought to be reviewed (1) conflicts with other Florida appellate decisions; (2) affects a class of constitutional or state officers; or (3) involves a question of great public interest certified by the district court.
Section (d) establishes the time of filing jurisdictional briefs and prescribes their content. When Supreme Court jurisdiction is based on certification of a question of great public interest no jurisdictional briefs are permitted. Briefs on the merits in such cases are to be prepared in the same manner as in other cases. Briefs on the merits are to be served within the time provided after the Court has ruled that it will accept jurisdiction or has ruled that it will postpone decision on jurisdiction.
The jurisdictional brief should be a short, concise statement of the grounds for invoking jurisdiction and the necessary facts. It is not appropriate to argue the merits of the substantive issues involved in the case or discuss any matters not relevant to the threshold jurisdictional issue. The petitioner may wish to include a very short statement of why the Supreme Court should exercise its discretion and entertain the case on the merits if it finds it does have certiorari jurisdiction. An appendix must be filed containing a conformed copy of the decision of the district court. If the decision of the district court was without opinion, or otherwise does not set forth the basis of decision with sufficient clarity to enable the Supreme Court to determine whether grounds for jurisdiction exist, a conformed copy of the order of the trial court should also be included in the appendix.
Sections (e) and (f) provide that within 60 days of the date of the order accepting jurisdiction, or postponing decision on jurisdiction, the clerk of the district court must transmit the record to the Court. The petitioner has 20 days from the date of the order to serve the initial brief on the merits. Other briefs may then be served in accordance *1384 with Rule 9.210. Briefs which are served must be filed in accordance with Rule 9.420.
It should be noted that the automatic stay provided by former Rule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under Rule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under Rule 9.310(e) unless the mandate issues or the district court vacates it. The Advisory Committee was of the view that the district courts should permit such stays only where essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the Supreme Court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted and the remediable quality of any such harm.
1980 Amendment. The rule has been amended to reflect the 1980 revisions to Article V, § 3 of the Florida Constitution creating the additional categories of certifications by the district courts to the Supreme Court enumerated in Rule 9.030(a) (2)(A).
District court decisions that (a) expressly declare valid a state statute, (b) expressly construe a provision of the state or federal constitution, (c) expressly affect a class of constitutional or state officers, (d) expressly and directly conflict with a decision of another district court or the Supreme Court on the same point of law, (e) pass upon a question certified to be of great public importance, or (f) are certified to be in direct conflict with decisions of other district courts are reviewed according to the procedures set forth in this rule. No jurisdictional briefs are permitted if jurisdiction is based on certification of a question of great public importance or certification that the decision is in direct conflict with a decision of another district court.
The mandatory appendix must contain a copy of the district court decision sought to be reviewed and should be prepared in accordance with Rule 9.220.
Supreme Court review of trial court orders and judgments certified by the district court pursuant to Rule 9.030(a)(2)(B) is governed by the procedures set forth in Rule 9.125.

Rule 9.125. Review of Trial Court Orders and Judgments Which 
Require Immediate Resolution by the Supreme Court as so Certified 
by the District Courts of Appeal.
(a) Applicability. This rule applies to any order or judgment of a trial court which has been certified by the district court of appeal to require immediate resolution by the Supreme Court because the issues pending in the district court are of great public importance or have a great effect on the proper administration of justice throughout the state. The district court of appeal may make such certification on its own motion or upon suggestion by a party.
(b) Commencement. The jurisdiction of the Supreme Court is invoked upon rendition of the certificate by the district court of appeal.
(c) Suggestion. Any party may file with the district court and serve on the parties a suggestion that the order to be reviewed should be certified by the district court to the Supreme Court. The suggestion shall be substantially in the form prescribed by this rule and shall be filed within ten days from the filing of the notice of appeal.
(d) Response. Any party may file a response within five days of the service of the suggestion.
(e) Form. The suggestion shall be limited to five pages and shall contain all of the following elements:
(i) a statement of why the appeal requires immediate resolution by the Supreme Court;
(ii) a statement of why the appeal:
(a) is of great public importance, or
(b) will have a great effect on the proper administration of justice throughout the state.

*1385 (iii) a certificate signed by the attorney stating:
I express a belief, based on a reasoned and studied professional judgment, that this appeal requires immediate resolution by the Supreme Court and (a) is of great public importance, or (b) will have a great effect on the administration of justice throughout the state.
/s/ _______________________________________________
(iv) an appendix containing a conformed copy of the order to be reviewed.
(f) Effect of Suggestion. The district court shall not be required to rule on the suggestion and the filing of a suggestion shall not alter the applicable time limitations or place of filing. If an order is issued granting or denying certification, no rehearing shall be permitted.
(g) If the Supreme Court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The time limitations of the applicable jurisdictional rule will continue in effect, except that all papers formerly required to be filed in the district court shall be filed in the Supreme Court. The district court clerk shall transfer the case file to the Supreme Court clerk upon being advised that the Supreme Court has accepted jurisdiction.

Committee Notes
1980 Amendment. This Rule is entirely new and governs all discretionary proceedings to review trial court orders or judgments that have been certified by the District Court pursuant to Rule 9.030(a)(2)(B) to require immediate resolution by the Supreme Court and to be of great public importance or to have a great effect on the proper administration of justice throughout the state. Final and non-final orders are covered by this rule. Discretionary review of other district court decisions where Supreme Court jurisdiction exists pursuant to Rule 9.030(a)(2)(A) is governed by Rule 9.120.
Section (b) makes clear that certification by the district court is self-executing.
Section (c) sets forth the manner in which a party may file a suggestion that the order to be reviewed should be certified by the District Court to the Supreme Court and requires the suggestion be filed within ten days from the filing of the notice of appeal. It is contemplated that suggestions under this rule will be rare. A suggestion should be filed only if under the peculiar circumstances of a case all the elements contained in subsection (e) of the rule are present.
Subsection (d) provides that any other party may file a response to a suggestion within five days of the service of the suggestion.
Subsection (e) provides for the form of the suggestion. All suggestions must be substantially in this form. The suggestion is limited to five pages and must contain (a) a statement of why the appeal requires immediate resolution by the Supreme Court, and (b) a statement of why the appeal either is of great public importance or will have a great effect on the proper administration of justice throughout the state. The suggestion must be accompanied by an appendix containing a copy of the order to be reviewed. The suggestion also must include a certificate signed by the attorney in the form appearing in the Rule.
To ensure that no proceeding is delayed because of this rule, subsections (f) and (g) provide that the filing of a suggestion will not alter the applicable time limitations or the place of filing. The District Court shall not be required to rule on a suggestion. The parties should follow the time limitations contained in the rule through which jurisdiction of the district court was invoked. See Rule 9.100, Rule 9.110, Rule 9.130, and Rule 9.140.

Rule 9.130. Proceedings to Review Non-Final Orders
(a) Applicability.
(1) This rule applies to review of the non-final orders authorized herein the district courts of appeal and the circuit courts. Review of other non-final orders in such *1386 courts, non final orders in the Supreme Court, and non-final administrative action shall be by the method prescribed by Rule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by Rule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those which:
(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters; or
(iv) the issue of liability in favor of a party seeking affirmative relief.
(4) Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.
(6) Review authorized by this rule shall be by the court which has jurisdiction to review the final order in the cause.
(b) Commencement. The jurisdiction to seek review of orders described in subsections (a)(3)-(5) shall be invoked by filing two copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of interlocutory appeal, shall be substantially in the form prescribed by Rule 9.110(d).
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant's initial brief, accompanied by an appendix as prescribed by Rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.

Rule 9.140. Appeal Proceedings in Criminal Cases
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) A final judgment adjudicating guilt;
(B) An order granting probation, whether or not guilt has been adjudicated;
(C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) An illegal sentence; and
(E) A sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularly the point of law being reserved.
(2) Commencement. The defendant shall file the notice prescribed by Rule 9.110(d) *1387 with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Copies shall be served on the State Attorney and Attorney General.
(3) Withdrawal of defense counsel after judgment and sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of his duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal upon good cause shown upon written motion, until after
(A) the following have been filed:
1. Notice of appeal;
2. Statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
3. Directions to the clerk; and
4. Designation of that portion of the reporter's transcript necessary to support the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds.
Or:
(B) The time has expired for the filing of notice of appeal, and no such notice has been filed.
(4) Briefs. Defendant's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(c) Appeals by the State.
(1) Appeals Permitted. The State may appeal an order:
(A) Dismissing an indictment or information or any count thereof;
(B) Suppressing before trial confessions, admissions or evidence obtained by search and seizure;
(C) Granting a new trial;
(D) Arresting judgment;
(E) Discharging a defendant pursuant to Fla.R.Crim. P. 3.191;
(F) Discharging a prisoner on habeas corpus;
(G) Adjudicating a defendant incompetent or insane;
(H) Ruling on a question of law when a convicted defendant appeals his judgment of conviction; and may appeal
(I) An illegal sentence.
(2) Commencement. The State shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the State pursuant to Rule 9.140(c)(1)(H), the state's notice shall be filed within 10 days of service of defendant's notice. Copies shall be served on the defendant and the attorney of record. An appeal by the State shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(3) Briefs. The State's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(d) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on the Attorney General and all parties. The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the Attorney General and to the office of a public defender appointed to represent an indigent defendant. Counsel for a non-indigent defendant may, upon request, simultaneously receive from the clerk a copy of the record (other than a transcript of the trial proceeding) at the cost prescribed by law.
If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel whenever possible) shall serve, within 10 days of filing the notice, a statement of the judicial acts to be reviewed and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised. Either party may file motions in the lower tribunal to reduce or expand the transcript.
(e) Post Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release *1388 pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on his own recognizance pending an appeal by the State, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis upon which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court upon motion.
(f) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In capital cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(g) Appeals from Summary Denial of Motion for Post-Conviction Relief Under Fla.R.Crim.P. 3.850. An appeal from an order denying relief under Fla.R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the State before ruling.

Committee Notes
1977 Revision. This rule represents a substantial revision of the procedure in criminal appeals.
Section (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law which are identified and controlled by this rule.
Subsection (b)(1) lists the only matters which may be appealed by a criminal defendant and is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of the extraordinary writs otherwise within the jurisdiction of the court to grant, or the Supreme Court's jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla. 1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subsection (b)(2) replaces former Rule 6.2. Specific reference is made to Rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice must be served on both the State Attorney and the Attorney General, however. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The Advisory Committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the "gap period" which occurs when sentencing is postponed more than 30 days after entry of judgment. The Advisory Committee concluded that no purpose *1389 was served by such an interpretation since the full case would be reviewable when the "gap" closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available where re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla.2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense prior to sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the Supreme Court for review. See, Fla.R. App.P. 9.040(b); § 921.141(4), Florida Statutes (1975).
Subsection (b)(3) governs the service of briefs. Filing should be made in accordance with Rule 9.420.
Subsection (c)(1) lists the only matters which may be appealed by the State, but it is not intended to affect the jurisdiction of the Supreme Court to entertain by certiorari interlocutory appeals governed by Rule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla. 1972). No provision of this rule is intended to conflict with a defendant's constitutional right to not be placed twice in jeopardy, and it should be interpreted accordingly. Where there is an appeal pursuant to item (A), a motion or stay of the lower tribunal proceeding should be liberally granted whenever there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal was reversed, such as in cases involving the so-called "single transaction rule." Item (E) refers to the popularly known "speedy trial rule," and items (F), (G) and (H) track the balance of State appellate rights in Section 924.07, Fla. Stat. (1975).
Subsection (c)(2) parallels subsection (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the State stays further proceedings in the lower tribunal only when an order has been entered by the trial court.
Subsection (c)(3) governs the service of briefs.
Section (d) applies to Rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal in order to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, Section 28.24(13) Florida Statutes (1975), as amended by Chapter 77-284, ¶ 1, Laws of Florida, prescribes a cost of $1, per page.
In order to conserve the public treasury, appeals by indigent defendants, and other criminal defendants where a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, where the two are different, in identifying alleged trial *1390 errors). The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite that the opposing party can make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former Rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under Rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under Rule 9.200(f) where a party asserts additional portions are required.
Section (e) replaces former Rule 6.15. Subsection (e)(1) governs where an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective upon the notice being filed. This rule is intended to eliminate practical difficulties which on occasion have frustrated the cause of justice, as where a defendant's attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with Section 903.132, Florida Statutes (Supp. 1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply where the judgment is based on a guilty plea since no right to appeal such a conviction is recognized by these rules.
Subsection (e)(2) governs where the State takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The "good cause" standard was adopted to insure that bond be required only in rare circumstances. The Advisory Committee was of the view that since the State generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially where a pre-trial appeal is involved. "Good cause" therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against him.
Subsection (e)(3) retains the substance of former Rule 6.15(b) and (c). The lower tribunal's order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla. 1956).
Subsection (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for excessiveness.
Section (f) interacts with Rule 9.110(h) to allow review of multiple judgments and sentences in one proceeding.
Section (g) sets forth the procedure to be followed where there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing pursuant to Rule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to Supreme Court jurisdiction to review non-final orders that would have been appealable if they had been final orders are obsolete as jurisdiction to review those orders no longer reposes in the Supreme Court.

Rule 9.150. Discretionary Proceedings to Review Certified 
Questions from Federal Courts
(a) Applicability. Upon either its own motion or that of a party, the Supreme Court of the United States or the United States Court of Appeals may certify a question of law to the Supreme Court of Florida *1391 whenever the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.
(b) Certificate. The certificate shall contain the style of the case, a statement of the facts showing the nature of the cause and the circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed by the federal court. It shall be certified to the Supreme Court of Florida by the clerk of the federal court.
(c) Record. The Supreme Court of Florida, in its discretion, may require copies of all or any portion of the record before the federal court to be filed where the record may be necessary to the determination of the cause.
(d) Briefs. The brief of the party designated by the federal court as the moving party shall be served within 20 days of the filing of the certificate. Additional briefs shall be served as prescribed by Rule 9.210.
(e) Costs. The costs of these proceedings shall be equally divided between the parties unless otherwise ordered by the court.

Committee Notes
1977 Revision. This rule retains the substance of former Rule 4.61. Except for simplification of language, the only change from the former rule is that answer and reply briefs are governed by the same time schedule as other cases. It is contemplated that the federal courts will continue the current practice of directing the parties to present a stipulated statement of the facts.
1980 Amendment. This rule is identical to former Rule 9.510. It has been renumbered to reflect the addition to the Florida Constitution of Article V, Section 3(b)(6), which permits discretionary Supreme Court review of certified questions from the federal courts. Answer briefs and reply briefs will continue to be governed by the same time schedule as in other cases.

Rule 9.220. Appendix
The purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented. It may be served with a petition, brief, motion or response; provided that an appendix is required in proceedings under Rules 9.100, 9.110(i), 9.120, 9.125 and 9.130. It shall contain an index and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. It may be either 8 1/2 by 11 inches or 8 1/2 by 14 inches. It shall be separately bound or separated from the petition, brief, motion, or response by a divider and appropriate tab. Asterisks should be used to indicate omissions in documents or testimony of witnesses.

Committee Notes
1977 Revision. This rule is new and has been adopted to encourage the use of an appendix either as a separate document or as a part of another matter. An appendix is optional, except under Rules 9.100, 9.110(i), 9.120 and 9.130. Where a legal size (8 1/2 by 14 inches) appendix is used, counsel should make it a separate document. The term "conformed copy" is used throughout these rules to mean a true and accurate copy. In an appendix the formal parts of a document may be omitted where not relevant.
1980 Amendment. The rule has been amended to reflect the requirement that an appendix accompany a suggestion filed pursuant to Rule 9.125.
Rule 9.510. Certified Questions from Federal Courts.
This rule has been replaced in its entirety by new Rule 9.150.