PER CURIAM.
In accordance with this Court’s procedures for the presentation of proposed amendments and revisions to Florida rules of practice and procedure each four years, the Appellate Rules Committee of The Florida Bar has submitted amendments to the Florida Rules of Appellate Procedure for adoption by the Court. At the request of the Committee, additional amendments to the rules may be submitted to the Court by the Committee not later than October 15, 1980, for the purpose of conforming the appellate rules to the constitutional amendment adopted by the voters of Florida on March 11, 1980, and to incorporate within the rules the emergency appellate rules adopted by the Court immediately following the adoption of the constitutional proposal.*
There being no controversy with regard to the proposals, the Court adopts the following amendments to the Florida Rules of Appellate Procedure and the accompanying notes, effective 12:01 a. m., January 1,1981.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
1. Rule 9.100(c) is amended as follows:
(c) Exceptions; Common Law Certiorari; Review of Non-Final Orders and Non-Final Administrative Action. A petition Petitions for common law certiorari, for certio-rari to review non-final orders within the jurisdiction of the courts described in Rule 9.030(a)(2)(B). (b)(2) and (e)(2). and for review of non-final administrative action shall be filed within 30 days of rendition of the order or of the administrative action to be reviewed. A copy shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
1980 Committee Note: Section (c) was amended to place the 30 day time limit for filing certiorari petitions on all types of certiorari, including non-final appeals in the Supreme Court and on all petitions for review of non-final administrative action, as well as common law certiorari.
2. Rule 9.100(d)(1) and (2) are amended as follows:
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the appropriate-district court of appeal as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The district court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party the court may order a stay on such conditions as may be appropriate.
1980 Committee Note: Section (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and *921 public, since the appropriate court could also be a circuit court or the Supreme Court.
3. Rule 9.200(b)(1) and (2) are amended as follows:
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of transcription the original and all copies of the transcript of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400.
(2) Within 30 days of service of a designation, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies to the parties such copies-as they order. The transcript of proceedings shall be securely bound in volumes not to exceed 200 pages each. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
1980 Committee Note: Sections (b)(1) and (2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See Rule 9.420(b) and 1970 Amendment thereto relating to limitations of number of copies.
4. Rule 9.300(b) is amended as follows:
(b) Effect on Proceedings. Except as prescribed by section (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts which bear a time relation to it. A conformed copy of an order extending time entered by either the court or a lower tribunal shall be transmitted forthwith to the court other by the appropriate clerk until the record has been transmitted to the court.
1980 Committee Note: Section (b) was amended to require the clerk of either court to notify the other clerk when an extension of time has been granted, up to the time that the record on appeal has been transmitted to the court, so that the clerk of the lower tribunal will be able to properly compute the time for transmitting the record on appeal, and that both courts may properly compute the time for performing subsequent acts.
5. Rule 9.420(b) is amended as follows:
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed pursuant to these rules shall, before filing or immediately thereafter, be served on each of the parties. In the event the-parties are so numerous that this requirement is onerous, The lower tribunal before the record is transmitted or the court on motion may limit, the number of copies to be served.
1980 Committee Note: Section (b) was amended to provide that either the lower tribunal or the court may limit the number of copies to be served. The rule contemplates that the number of copies may be limited upon any showing of good cause, for example, that the number of copies involved is onerous or that the appeal involves questions with which some parties have no interest in the outcome or are so remotely involved as not to justify furnishing a complete record to them at appellant’s initial cost. The availability of the original record at the clerk’s office of the lower tribunal until due at the appellate court is a factor to be considered.
6. Rule 9.600(a) is amended as follows:
(a) Concurrent Jurisdiction. Prior to the time the record is transmitted, the lower tribunal shall have concurrent jurisdiction *922 with the court to render orders on any procedural matter relating to the cause, subject to the control of the court on its own motion or that of a party.
1980 Committee Note: Section (a) was amended to clarify the’ appellate court’s paramount control over the lower tribunal in the exercise of its concurrent jurisdiction over procedural matters. This amendment would allow the appellate court to limit the number of extensions of time granted by a lower tribunal, for example.

 See In re Emergency Amendments to Rules of Appellate Procedure, 381 So.2d 1370 (Fla.1980).