PER CURIAM.
Pursuant to this Court’s directive in The Florida Bar In Re: Florida Rules of Appellate Procedure, 387 So.2d 920 (Fla.1980), the Appellate Rules Committee of The Florida Bar has submitted amendments to the Florida Rules of Appellate Procedure, and amended 1980 committee notes, for adoption by the Court in order to (1) conform existing appellate rules to the constitutional amendment adopted by the voters of Florida on March 11, 1980, and (2) to incorporate within the rules, with appropriate technical changes, the emergency appellate rules adopted by the Court immediately following the adoption of the constitutional proposal. See In re Emergency Amendments to Rules of Appellate Procedure, 381 So.2d 1370 (Fla.1980).
The Committee has also proposed for adoption an amendment to Rule 9.110(k), purporting to solve problems created by Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). Inasmuch as this proposal is outside the scope of the Court’s July 3 directive and has not had public review, the Court at this time declines to adopt the rule proposed.
The Court commends the committee for its fine work this year, and we adopt the following technical and conforming amendments to the Florida Rules of Appellate Procedure effective 12:01 a. m., January 1, 1981. The Court further directs publication of the 1980 committee notes which accompany these amendments.
The amendments now adopted affect only the rules which are here expressly treated. Amendments to the appellate rules which were adopted by the Court in January in the emergency proceeding, or in July as a result of the regular, four year cycle, and *204 which are neither amended or reproduced here, shall remain in effect or become effective on January 1, 1981, as the case may be. As of January 1, 1981, therefore, the operative Florida Rules of Appellate Procedure will consist of the rules adopted in 1977, as amended by the Court in January 1980, in July 1980 and in this order.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
1. Rule 9.030. Jurisdiction of Courts
(a) Jurisdiction of Supreme Court.
(1)Appeal Jurisdiction.
(A) The Supreme Court shall review, by appeal:
(i) final orders of courts imposing sentences of death;1
(ii) decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.2
(B) When provided by general law, the Supreme Court shall review:
(1) by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness;3
(ii) action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.4
(2) Discretionary Jurisdiction. The discretionary jurisdiction of the Supreme Court may be sought to review:
(A)decisions of district courts of appeal that:5
(i) expressly declare valid a state statute;
(ii) expressly construe a provision of the state or federal constitution;
(iii) expressly affect a class of constitutional or state officers;
(iv) expressly and directly conflict with a decision of another district court of appeal or of the Supreme Court on the same point question of law;
(v) pass upon a question certified to be of great public importance;
(vi)are certified to be in direct conflict with decisions of other district courts of appeal;
(B) orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the Supreme Court, and:6
(i) to be of great public importance, or
(ii) to have a great effect on the proper administration of justice;
(C) questions of law certified by the Supreme Court of the United States or a United States Court of Appeals that are determinative of the cause of action and for which there is no controlling precedent of the Supreme Court of Florida.7
(3)Original Jurisdiction. The Supreme Court may issue writs of prohibition to lower courts and all writs necessary to the complete exercise of its jurisdiction: and may issue writs of mandamus and quo war-ranto to state officers and state agencies, and all writs-necessary to the complete exercise of- the Court’s jurisdiction. The Supreme Court or any justice may issue writs of habeas corpus returnable before the Supreme Court or any justice, a district court of appeal or any judge thereof, or any circuit judge.8
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal:
(A) final orders of trial courts 1 2 not directly reviewable by the Supreme Court or a circuit court;
(B) non-final orders of lower--tribunals circuit courts as prescribed by Rule 9.130(a)(3);9
(C) administrative action when provided by general law.2
(2) Certiorari Jurisdiction.8 The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
*205 (3) Original Jurisdiction.8 District courts of appeal may issue writs of mandamus, prohibition, quo warranto, common law cer-tiorari and all writs necessary to the complete exercise of the courts’ jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.
(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal:
(A) final orders of lower tribunals as provided by general law;1 e^r2
(B) non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3);9
(C) administrative action when provided by law.2
(2) Certiorari Jurisdiction.8 The certiora-ri jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by Rule 9.130.
(3) Original Jurisdiction.8 Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, habe-as corpus and all writs necessary to the complete exercise of the courts’ jurisdiction.
1. 9.140: Appeal Proceedings in Criminal Cases
2. 9.110: Appeal Proceedings: Final Orders
3. 9.110(i): Validation of Bonds
4. 9.110: Appeal Proceedings: Final Orders; 9.430 100: Appeal Original Proceedings2 — Non-Final Orders
5. 9.120: Discretionary Review of District Court Decisions
6. 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court
7. 9.150: Certified Questions from Federal Courts
8. 9.100: Original Proceedings
9. 9.130: Appeal Proceedings: Non-Final Orders
Committee Notes
1977 Revision. (Repeat)
1980 Amendment. (Repeat)
2.Rule 9.040. General Provisions
* * * * * *
Committee Notes
1977 Revision (Repeat)
1980 Amendment. Section (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies and appendices in all cases certified to the Supreme Court pursuant to Rule 9.030(a)(2)(B)r or otherwise certified pursuant to Rule 9.030(aV2KAl(vl or (vi).
3. The amendment and committee note to Rule 9.100(c) which was adopted on July 3, 1980 in No. 58,984 is deleted, and Rule 9.100(c) as adopted in 1977 is reinstated.
4. Rule 9.110. Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases
(a) Applicability. This rule applies to those proceedings which:
(1) invoke the appeal jurisdiction of the courts described in Rule 9.030(a)(1)(A); (b)(1)(A) and (c)(1)(A);
(2) seek review of administrative action described in Rule 9.030(a)(l)(B)(ii), (b)(1)(C) and (c)(1)(C); and
(3) seek review of orders granting new trial in jury and non-jury civil and criminal cases described in Rule 9.130(a)(4) and 9.140(c)(1)(C).
******
(d) Notice of Appeal.
The notice of appeal shall be substantially in the form prescribed by Rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition and the nature of the order to be reviewed.
******
Committee Notes
1977 Revision (Repeat)
1980 Amendment. The rule has been amended to incorporate changes in Rule 9.030 and to reflect the abolition of Supreme Court jurisdiction to review, when provided by general law, final orders of trial courts imposing sentences of life imprisonment.
*206 The reference indicated (2) in the second paragraph of this Committee Note for 1977 Revision should be disregarded. See Amended Rule 9.030(,a'>flR'B'X'ii~> and accompanying committee note.
5. Rule 9.120. Discretionary Proceedings To Review Decisions of District Courts of Appeal
***** *
(d) Briefs on Jurisdiction. Petitioner’s brief, limited solely to the issue of the Supreme Court’s jurisdiction and accompanied by an appendix containing a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent’s brief on jurisdiction shall be served within 20 days after service of petitioner’s brief. A reply br-ief may be served-within-10- days thereafter. No reply brief shall be permitted. When jurisdiction is invoked pursuant to Rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications by the district courts to the Supreme Court), no briefs on jurisdiction shall be filed.
******
Committee Notes
1977 Revision (Repeat)
1980 Amendment. Reply briefs from petitioners are prohibited, and the Court will decide whether to accept the case for review solely on the basis of petitioner’s initial and respondent’s responsive iurisdic-tional briefs.
6. Rule 9.125. Review of Trial Court Orders and Judgments Which Require Immediate Resol-u-tion-by the Supreme Court as so Certified by the District Courts of Appeal as Requiring Immediate Resolution by the Supreme Court.
******
(f) Effect of Suggestion. The district court shall not be required to rule on the suggestion and neither the filing of a suggestion nor the rendition by the district court of its certificate shall not alter the applicable time limitations or place of filing. If an order is issued rendered granting or denying certification, no rehearing shall be permitted.
(g) Procedure When Supreme Court Accepts Jurisdiction. The jurisdiction of the Supreme Court attaches upon rendition of the order accepting jurisdiction. If the Supreme Court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The clerk of the district court shall transfer the record in the case to the Supreme Court within 10 days thereafter. The time limitations of the applicable jurisdictional rule will continue in effect, except that all papers formerly required to be filed in the district court shall be filed in the Supreme Court. The district court clerk shall transfer the case file to the Supreme Court clerk upon being advised that the Supreme Court has accepted jurisdiction.
7. Rule 9.130. Proceedings to Review Non-Final Orders
******
(c) Notice. The notice, designated as a notice of interlocutory appeal of non-final order, shall be substantially in the form prescribed by Rule 9-l-10(d) 9.900(0).
8. Rule 9.200. The Record
(a) Contents.
******
(2) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed bv Rule 9.900(f). If the clerk is directed to transmit less than the entire record or less than the transcript of all testimony in a proceeding, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
9. Rule 9.210. Briefs (a) Generally.
******
(5) The initial and answer briefs shall not exceed 50 pages in length. Reply briefs shall not exceed 15 pages in length; provided that if a cross appeal has been filed, the *207 reply brief shall not exceed 50 pages. Cross reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 20 10 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
******
1980 Amendment (Repeat)
Jurisdictional briefs, now limited to 10 pages by subsection (a), are to be filed only in the four situations presented in Rule 9.030(a)(2)(A)ffl. (ii). (iiil and (iv).
A district court decision without opinion is not reviewable on discretionary conflict jurisdiction. See Jenkins v. State. 385 So.2d 1356 (Fla.1980). and Dodi Publishing Co. v. Editorial America. S. A.. 385 So.2d 1369 (Fla.1980). The discussion of iurisdic-tional brief requirements in such cases which is contained in the 1977 Revision of the Committee Notes to Rule 9.120 should be disregarded.
10. Rule 9.700. Guide to Times for Acts Under Rules
******
Committee Notes
1977 Revision (Repeat)
1980 Amendment. Practitioners are cautioned that, until the Supreme Court completed its review of the rules, it was not possible to adjust the times noted in this rule. Consequently no adjustments have been made in this rule to reflect 1980 amendments to other rules.
11. Rule 9.900. Forms
(a) Notice of Appeal.

*208 (b) Notice of Cross-Appeal

(c) Notice of Appeal of Non-Final Order.

*209

(d) Notice to Invoke Discretionary Jurisdiction of Supreme Court.

*210 1/ The choices are:
a. expressly declares valid a state statute.
b. expressly construes a provision of the state or federal constitution.
c. expressly affects a class of constitutional or state officers.
d. expressly and directly conflicts with a decision of another district court of appeal or of the Supreme Court on the same question of law.
e. passes upon a question certified to be of great public importance.
f. is certified to be in direct conflict with decisions of other district courts of appeal.
See Rule 9.030(a)(2)(A).
(e) Notice of Administrative Appeal.

*211 (f) Directions to Clerk.

(g) Designation to Reporter.

*212

Original Jurisdiction-Florida Rules of Appellate Procedure
Proposed Amendments submitted by: The Florida Bar Committee on Appellate Rules, John R. Beranek, Chairman, and William A. Haddad, Gregory Paul Borgognoni and Betsy E. Hartley