ON MOTION FOR SUPERSEDEAS BAIL ON APPEAL
ORFINGER, Judge.
Appellant’s motion requests that we set bail after conviction and pending his appeal, or that we relinquish jurisdiction to the trial court for that purpose. In ruling on appellant’s motion below, the trial court determined that it had no jurisdiction because the appeal had been perfected and the record and briefs had been lodged in this court.
The motion raises an interesting issue on the interplay of various rules of criminal and appellate procedure, and how these rules apply to the situation here. Florida Rule of Appellate Procedure 9.140(e) says that the trial court may hear a motion for post-trial relief pending appeal either before or after a notice of appeal is filed. The committee notes indicate that this rule was adopted to incorporate the holding in Williams v. State, 324 So.2d 74 (Fla.1975), but in that case the notice of appeal had been filed before the judgment was rendered, so that appeal had not been perfected. The court held that the filing of a notice of appeal before the judgment of conviction was rendered did not deprive the trial court of jurisdiction to set bail pending appeal. The State says the cited rule is intended to cover that factual situation, and that once the appeal is perfected, the trial court loses jurisdiction to entertain a motion for supersedeas pending appeal.
Florida Rule of Criminal Procedure 3.691 states that persons convicted of any offense, not capital “. . . may be released, *812 pending review of the conviction, at the discretion of either the trial or the appellate court ... ”, but it does not attempt to define when the jurisdiction of the trial court ends. Florida Rule of Appellate Procedure 9.600(a) provides that prior to the time the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any procedural matter relating to the cause. Is a motion to set bail pending appeal a procedural matter within the purview of Florida Rule of Appellate Procedure 9.600(a),[1] or is the entitlement to bail after conviction and pending appeal completely within the jurisdiction of the appellate court after the judgment is rendered and the appeal perfected? [2]
We need not decide now how these various rules interact with each other because the question is not properly before us in this case. Taking the broadest view of the issue, the trial court’s concurrent jurisdiction would in any event terminate when the record is transmitted to this court, as has occurred here. Therefore, under any interpretation, the trial court was correct in holding that it had no jurisdiction, in the posture of this case, to grant bail pending appeal.
We therefore grant the motion and relinquish jurisdiction to the trial court for a period of thirty (30) days for the express purpose of ruling on the motion to set bail pending appeal. In so doing, we retain jurisdiction of all other proceedings in this appeal so that the appellate procedure may progress without delay. By authorizing the trial court to hear the motion, we have not considered or decided the merits of the motion, nor do we intend this opinion as any indication of what ruling should be made. The trial court shall make the initial determination of the question as required by law.
DAUKSCH, C. J. and SHARP, J., concur.

. In a different context, it has been held that entitlement to bail pending appeal is a procedural matter amenable to court rule. See Bamber v. State, 300 So.2d 269 (Fla.2d DCA 1974), cert. dismissed, 311 So.2d 672 (Fla.1975).

. Cf. Laurich v. State, 376 So.2d 408 (Fla. 1st DCA 1979) where the court held that the trial court lacked jurisdiction to revoke bail pending appeal after the record on appeal and briefs had been filed with the appellate court.