798 So.2d 909 (2001)
Dana PEACOCK, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-2891.
District Court of Appeal of Florida, Fifth District.
November 9, 2001.
*910 Elizabeth Siano Harris, of Stadler & Harris, P.A., Titusville, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Petitioner, Dana Peacock, confined in jail pending appeal after the trial court revoked his supersedeas bond, seeks a writ of habeas corpus to obtain his release. We treat the instant petition as a motion to review an order on post-trial release. See Fla. R.App. P. 9.140(g)(4). See also Chandler v. State, 722 So.2d 983 (Fla. 4th DCA 1999).
Peacock was found guilty of various sexual offenses involving minors in Brevard County, and was sentenced to 22.3 years incarceration on October 2, 2000. Peacock filed a notice of appeal, and his appeal is pending. On October 2, 2000, Peacock filed a motion for release pending appeal. Following an evidentiary hearing, the trial court granted the motion and set bond at $350,000. In granting the motion, the trial court provided:
The defendant's location and whereabouts shall be electronically monitored as provided in a separate order, and the defendant shall show proof to the Office of the State Attorney's office [sic] within ten days of his release that he is then being electronically monitored and that he has made financial arrangements with the electronic monitoring service sufficient for him to be so monitored for a period of 18 months without further payment.
It was made clear by the court at the hearing that Peacock would need to have the electronic monitoring device in place before his release from jail. It was also made clear that a separate order covering the standard terms of electronic monitoring *911 was to be prepared and submitted to the court for approval prior to release.
The trial court entered the order for post-trial release on Friday, November 3, 2000. Bond was posted and Peacock was released from jail the following Monday night or early Tuesday morning. At the time Peacock was released from jail, he had not yet obtained his electronic monitoring device and the separate order had not been submitted to the court.
On Wednesday, November 8, the state filed an emergency motion requesting in part that Peacock be placed under electronic supervision immediately. A hearing was held that same date. The trial judge asked defense counsel to explain why his client was not under electronic supervision at the time of his release. Defense counsel stated that he had advised the bondsman to make arrangements for Peacock to be released after the weekend and in the meantime the electronic monitoring agency would be contacted. Defense counsel spoke to an agent of the electronic monitoring company on Monday, and the agent indicated that he would be making the necessary arrangements to monitor Peacock. Defense counsel subsequently found out that Peacock had been released from jail on Monday night or Tuesday morning, and then learned that arrangements had been made for Peacock to be "hooked up" on Wednesday at 10:00 a.m. According to defense counsel, jail personnel misinterpreted the court's order and thought that Peacock had ten days after release to place himself under electronic supervision.
The bondsman informed the court that the practice in neighboring Orange County is that a prisoner must be bonded out before electronic monitoring personnel are notified. He stated that when he asked the records custodian at the Brevard County Jail about the local procedures, they reviewed the court's order which mentioned the provision regarding the 10 days notice. Finally, he promised the court he would not leave Peacock's side until the bracelet was connected to the telephone system and the electronic monitoring was in operation.
The trial judge indicated that he made it clear at the bond hearing that Peacock was not to be released until arrangements had been made for electronic monitoring to be attached at the moment of his release. Peacock, however, stated to the court that he did not understand that the obligation to be monitored attached at the time of his release. Peacock advised the court that the jailer told him to leave, and he did as he was told. The morning after his release he contacted the electronic monitoring agency and an appointment was scheduled for Wednesday morning. At the hearing, Peacock was wearing an ankle bracelet, but it had not yet been connected.
Defense counsel accepted the blame for the snafu, and stated that he had wrongly assumed that Peacock would not be released until the electronic monitoring was in place. The judge informed counsel that he was not finding him negligent, but thought there was an intentional violation of the release order. The trial court revoked the bond and Peacock was directed to remain in jail pending appeal. The court noted, "There was no confusion about this order. There was a desire to do what you [Peacock] wanted in disregard to my order and that's what I find." In the written order revoking the bond, the court found that Peacock's violation of the electronic monitoring condition of the bond to be substantial, willful, and intentional.[1]
*912 To begin with, it is puzzling why this matter is being reviewed at such a late date. The order revoking the supersedeas bond was entered November 8, 2000, yet review was not sought in this court until September 26, 2001. In the meantime, the pending appeal has been perfected. However, as there is no time limitation on filing a motion seeking review of an order pertaining to post-trial release, we shall review the motion on its merits.
There is no constitutional right to a supersedeas bond following a conviction, but such decision rests in the sound discretion of the trial court. See Younghans v. State, 90 So.2d 308 (Fla.1956). In this case, we find that the trial court abused its discretion in revoking the bond. Whether the mistake in releasing Peacock from jail without electronic supervision was attributable to defense counsel, the bail bondsman, and/or the county jail personnel, this error cannot be attributed to Peacock. When his legal custodian told him that he was released, he could not be blamed for acquiescing to the jailer's authority. It also appears that after Peacock was released, both he and defense counsel tried to get an electronic monitoring agency to monitor him as soon as possible and were in the process of getting him under such supervision at the time of the emergency hearing. Peacock's conduct in exiting the jail when told to leave cannot reasonably be viewed as an intentional and willful violation of the court's release order. We therefore quash the order revoking bond, and reinstate the original order granting bond with all of the original conditions, including the electronic monitoring provision, which requires that Peacock be electronically monitored before his release from jail.[2]
It is so ordered.
THOMPSON, C.J., COBB and PETERSON, JJ. concur.
NOTES
[1] The trial court had jurisdiction to revoke the supersedeas bond since the record on appeal had not been transmitted to the appellate court at the time the court entered its order. See Taylor v. State, 401 So.2d 811, 812, n. 2 (Fla. 5th DCA 1981); Laurich v. State, 376 So.2d 408 (Fla. 1st DCA 1979).
[2] As the appeal has been perfected, any future motion to revoke bond should be filed in the appeal and made to this court, which could then determine whether relinquishment of jurisdiction to the trial court would be appropriate. See Fla. R.App. P. 9.600.