ORDER ON MOTION FOR REVIEW OF ORDER DISMISSING MOTION FOR DEFENDANT’S SUPERSE-DEAS BOND

WALLACE, Judge.
Andrew Mansuri-Mason seeks review of the trial court’s order entered January 4, 2010, that dismissed his motion for order setting supersedeas bond filed in accordance with Florida Rule of Criminal Procedure 3.691.[1] We review the order under Florida Rule of Appellate Procedure 9.140(h) and reverse and remand for the trial court to review the motion on its merits.
Following his conviction, sentencing, and transfer to prison, Mansuri-Mason filed a motion requesting posttrial release in the trial court. The trial court dismissed the motion, reasoning that because the record had been transmitted to the appellate court, the trial court was without concurrent jurisdiction to address the motion. The court based the dismissal on Taylor v. State, 401 So.2d 811, 812 (Fla. 5th DCA 1981). In Taylor, the Fifth District relied on rule 9.600(a)[2] to hold that the trial court’s concurrent jurisdiction terminates when the record is transmitted to the appellate court. The trial court also cited to Peacock v. State, 798 So.2d 909, 911 n. 1 (Fla. 5th DCA 2001), in which the court in a footnote recited the ruling of Taylor.
However, rule 9.600(d), which became effective on January 1, 1997, see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 777, 830 (Fla. 1996), supersedes the principle stated by the court in Taylor in 1981. Rule 9.600(d) provides that in criminal appeals, “[t]he lower tribunal shall retain jurisdiction to consider motions pursuant to Florida Rules of Criminal Procedure 3.800(b)(2) and in conjunction with post-trial release pursuant to rule 9.140(h).” To the extent that posttrial release is properly subsumed under the broad category of “any ... procedural matter” over which the trial court retains concurrent jurisdiction before transmission of the record to the appeals court, see rule 9.600(a), the subsequent amendment specifically addressing posttrial release motions was intended to permit *70 the trial court to entertain such motions without regard to the procedural stage of the appeal. See Fla. R.App. P. 9.600(d) (Comm. Notes, 1996 Amend.) (“New rule 9.600(d) recognizes the jurisdiction of the trial courts, while an appeal is pending, to rule on motions for post-trial release, as authorized by rule 9.140(g) [now rule 9.140(h).]”). The State agrees that the trial court has jurisdiction to rule on the motion.
Therefore, we reverse the trial court’s Order Dismissing Defendant’s Motion for Supersedeas Bond and remand the matter for the trial court to address the appellant’s Motion for Order Setting Supersede-as Bond on its merits.
Reversed and remanded with instructions.
DAVIS and MORRIS, JJ., Concur.

. Although Mansuri-Mason is represented by the Public Defender for the Tenth Judicial Circuit, we accepted, his pro se filing because the Public Defender does not handle superse-deas-related motions when the appeal arises from a circuit other than the Tenth Circuit.

. Rule 9.600(a) (1980) reads as follows:
Concurrent Jurisdiction. Prior to the time the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any procedural matter relating to the cause, subject to the control of the court on its own motion or that of a party.
The Florida Bar. In re Florida Rules of Appellate Procedure, 387 So.2d 920, 921-22 (Fla. 1980). The subsection currently reads:
Concurrent Jurisdiction. Only the court may grant an extension of time for any act required by these rules. Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court.
Fla. R.App. P. 9.600(a) (2010).